(68 App. Div. 165.)

### BARRETT v. PARENT.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

PAYMENT FOR ANOTHER—PROMISE TO REPAY.

　　Where, after the condemnation of defendant's land by a city, and the deposit of the price therefor, she continues to occupy the premises, and promises to pay rent to the city, and a check for the amount of the price, payable to her order, is delivered to her attorney on his promise

to see that the rent is paid, and on the receipt of the check she promises her attorney to repay him such sum as he shall pay for such rent, on payment of the rent by the attorney he may recover the amount so paid from defendant, whether she was liable to the city for rent or not.

Appeal from trial term, Westchester county.

Action by Henry R. Barrett against Mary A. Parent. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Z. Melville Knowles, for appellant.

Henry R. Barrett, in pro. per.

GOODRICH, P. J. Lands of the defendant were taken by the city of New York under an act providing for additional water-supply facilities to the city; and there was awarded to her the sum of. $14,000, which, with other awards, was deposited by the city in a trust company. Having remained in possession of the property after the title thereto vested in the city, a claim for rent from her was made by the city, and the defendant signed an agreement to pay the city rent therefor. When the award became payable, the trust company gave a check therefor to the plaintiff, who had been retained by the defendant to collect the amount, upon the condition and his promise that he would see that the defendant paid the rent. The plaintiff so informed the defendant when he gave her the check, and she promised to pay him whatever he should pay the city for the rent. He paid the rent ($216) to the city, but the defendant refused to repay him. The defendant moved for a dismissal of the complaint or for the direction of a verdict, and we are to decide simply whether there was any evidence of a valid promise on the part of the defendant to repay the plaintiff. Of this there is sufficient evidence to justify the jury in finding that it was made. But the defendant contends that she was not liable to pay rent to the city. It is not necessary to consider that question in the present action. It might avail in an action to which the defendant and the city were parties. The plaintiff, as attorney for the defendant, had received from the city a check, upon his agreement to see that the defendant paid the rent whenever the amount should be ascertained. The check was delivered by him to the defendant upon her promise to pay him whatever he was called upon to pay by virtue of his promise to the city. The receipt of the check by the defendant under such circumstances furnishes a sufficient consideration for her promise to pay, and the court was not in error for submitting the question to the jury on that theory. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.